UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
AMANDA ABRAHAMOWICZ,

                                                                                                 Civil Case No: 3:17-CV-7122

                                                Plaintiff,

           -against-                                            **COMPLAINT**

ALBIVI BRICK OVEN, INC.,
MICHAEL TREVATO, individually, and         Plaintiff Demands a
BEKAM a/k/a "BEN" URKAJ, individually,         Trial by Jury

                                                Defendants.
-------------------------------------------------------------------X

        Plaintiff, AMANDA ABRAHAMOWICZ (hereinafter referred to as "ABRAHAMOWICZ" or "Plaintiff"), by and through her attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants, ALBIVI BRICK OVEN, INC. (hereinafter referred to as "ALBIVI"), MICHAEL TREVATO (hereinafter referred to as TREVATO), individually, and BEKAM a/k/a "BEN" URKAJ (hereinafter referred to as "URKAJ"), individually (hereinafter collectively referred to as "Defendants"), upon information and belief, as follows:

## NATURE OF CASE

1. Plaintiff brings this action, charging that the Defendants violated Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("1981"), and to remedy violations of the New Jersey Law Against Discrimination ("NJLAD"), based upon the supplemental jurisdiction of this Court

pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries that Plaintiffs have suffered as a result of, *inter alia*, sex/gender discrimination, race discrimination, and religious discrimination, together with hostile work environment, retaliation and unlawful termination by Defendants.

**JURISDICTION AND VENUE**

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII, 42 U.S.C. §1981. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3. Additionally, this Court has supplemental jurisdiction under the State law causes of action asserted in this action.

4. On or about January 27, 2017, Plaintiff submitted a Charge with the U.S. Equal Employment Opportunity Commission ("EEOC").

5. On or about July 16, 2017, Plaintiff received a Right to Sue Letter from the EEOC.

6. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

7. Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the District of New Jersey.

## PARTIES

8. Plaintiff AMANDA ABRAHAMOWICZ is an individual woman who is a resident of the State of New Jersey, County of Somerset.

9. Plaintiff is Muslim.

10. At all times material, Defendant ALBIVI BRICK OVEN, INC. is a domestic profit corporation duly existing by the virtue and laws of the State of Jersey that does business in the State of New Jersey.

11. At all times material, Defendant ALBIVI operates a restaurant with its principal place of business located at 866 Perrineville Road in Millstone, New Jersey 08535 (hereinafter referred to as "The Restaurant").

12. At all times material, Defendant ALBIVI employed Plaintiff at The Restaurant.

13. At all times material, Defendant BEKAM a/k/a "BEN" URKAJ was and is the Owner of Defendant ALBIVI.

14. At all times material, Defendant URKAJ had supervisory authority over Plaintiff with respect to her employment.

15. At all times material, Defendant MICHAEL TREVATO was a server at Defendant ALBIVI.

## MATERIAL FACTS

16. In or around July 2015, Defendant ALBIVI hired Plaintiff as a server at The Restaurant.

17. At the same time, in or around July 2015, ALIBIVI's employee, TREVATO, was also employed as a server at The Restaurant.

18. Throughout the course of Plaintiff's employment with Defendants, Defendants

discriminated against Plaintiff on the basis of her sex/gender, race and religion, and subjected Plaintiff to a hostile work environment on the basis of her sex/gender, race and religion.

19. In addition to the above, Defendant ALBIVI and Defendant URKAJ knowingly permitted TREVATO to sexually harass and assault numerous female employees, including Plaintiff.

20. In fact, TREVATO exhibited a pattern and practice of making lewd racial epithets, becoming extremely aggressive with other employees, as well as customers, and threatening to spit on people.

21. In or around July 2015, TREVATO asked Plaintiff if she was dating anyone. Plaintiff informed TREVATO that she had a boyfriend. Moreover, Plaintiff stated that she and her boyfriend are both Muslim.

22. From that date forward, TREVATO regularly discriminated against Plaintiff on the basis of her race and religion.

23. On numerous occasions, TREVATO called Plaintiff (and her boyfriend) a, "terrorist," "Arab piece of shit," and "dirty Muslim."

24. In or around April 2016, URKAJ purchased The Restaurant and became the new Owner.

25. In or around April 2016, on the first day of business after URKAJ's purchase, TREVATO accused Plaintiff of stealing one of his tables. Plaintiff attempted to speak with TREVATO and diffuse the situation (in fact, TREVATO was really stealing other employees' tables). In the presence of URKAJ, TREVATO screamed at Plaintiff, "I'm the fucking boss. Do you understand me? There may be a new

owner, but I run the show here!"

26. As a result of TREVATO's outburst, URKAJ requested a meeting with Plaintiff and TREVATO in his office.

27. During the course of Plaintiff's conversation with URKAJ, Plaintiff informed URKAJ that TREVATO had been making egregious and derogatory comments about Plaintiff's race and religion. Moreover, Plaintiff informed URKAJ that she felt physically threatened by TREVATO, and he should not become so verbally aggressive with a female.

28. In response, URKAJ told Plaintiff that he would speak to TREVATO.

29. However, Defendant failed to take any reasonable action to remedy Plaintiff's complaints.

30. As a result, in or around the Summer of 2016, TREVATO continued to make discriminatory remarks regarding Plaintiff's race and religion.

31. Defendant discriminated against Plaintiff on the basis of her race and religion.

32. Defendant subjected Plaintiff to an adverse employment action on the basis of her race and religion.

33. Furthermore, in response to Plaintiff's complaint, TREVATO began to threaten Plaintiff, stating, "I'm going to make you my bitch," and "I'd spit on you dirty Muslims."

34. Defendant discriminated against Plaintiff on the basis of her sex/gender, race and religion.

35. On or about September 14, 2016, Plaintiff and TREVATO were the only servers

working at The Restaurant. As the night progressed, The Restaurant became very busy.

36. At or around 7 p.m. on September 14, 2016, once again TREVATO accused Plaintiff of stealing one of his tables. TREVATO told Plaintiff, "You better not go near that fucking table," and proceeded to physically shove Plaintiff out of the way.

37. Immediately thereafter, Plaintiff complained to Defendant's General Manager that TREVATO had verbally and now physically assaulted her.

38. Defendant's General Manager disregarded Plaintiff's complaint, asking, "What do you want me to do about it?" and instructed Plaintiff to speak with URKAJ.

39. Plaintiff went directly to URKAJ and complained that TREVATO had verbally and now physically assaulted her.

40. In response, URKAJ merely replied, "Just carry on, it's getting busy out there."

41. Defendants knowingly disregarded Plaintiff's complaint and failed to take any immediate or reasonable action.

42. As a result, Plaintiff began to suffer severe anxiety.

43. Plaintiff returned to the main dining room to continue working.

44. TREVATO, visibly irate, approached Plaintiff and screamed, "You have one week, and then you're out of here! You hear me? You have one week!" TREVATO proceeded to get in Plaintiff's face, so close that TREVATO's nose was actually pressed against Plaintiff's and barked, "FUCK YOU! AND FUCK YOUR ARAB BOYFRIEND! I'M GOING TO MAKE YOU MY BITCH!" TREVATO forcibly

grabbed both of Plaintiff's arms and shouted, "LET'S GO, I'M GOING TO MAKE YOU MY BITCH," and violently shoved Plaintiff into a set of glass and metal doors behind her. TREVATO violently slammed Plaintiff's back into the doors, causing Plaintiff severe pain.

45. Plaintiff screamed in pain and attempted to writhe free of TREVATO's forceful grip.

46. Immediately, URKAJ entered the dining room and TREVATO released his grip on Plaintiff's arms. Plaintiff informed URKAJ that TREVATO physically and forcibly assaulted her. URKAJ demanded that Plaintiff leave The Restaurant immediately. Plaintiff protested, asking why she was being forced to leave instead of TREVATO.

47. Defendant subjected Plaintiff to a hostile work environment on the basis of her sex/gender, race and religion.

48. Defendant retaliated against Plaintiff for her complaints of discrimination and hostile work environment.

49. The following day, on or about September 15, 2016, Plaintiff filed a police report against TREVATO at her local precinct.

50. Moreover, at the same time, the police informed Plaintiff that they contacted Defendants regarding the incident. In response to Plaintiff filing the police report, URKAJ instructed the police that Plaintiff was terminated and never to return to The Restaurant.

51. Defendant retaliated against Plaintiff for engaging in protected activity and subjected Plaintiff to an adverse employment action by terminating her employment.

52. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded,

victimized, embarrassed, and emotionally distressed.

53. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

54. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

55. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants, jointly and severally.

56. The above are just some of the examples of the pattern and practice of unlawful, discriminatory, and retaliatory conduct to which Defendants subjected Plaintiff.

57. Plaintiff hereby requests reinstatement to her position.

## AS A FIRST CAUSE OF ACTION
## UNDER FEDERAL LAW
## 42 U.S.C. SECTION 1981
## (AGAINST ALL DEFENDANTS)

58. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

59. 42 U.S.C.A. Section 1981 states in relevant part as follows:

Statement of equal rights. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all

laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

60. Defendants discriminated against Plaintiff, as a member of the Middle Eastern/Arabic race, in violation of the rights afforded to her by 42 U.S.C. §1981.

61. By the conduct described above, Defendants intentionally deprived Plaintiff of the same rights as are enjoyed by white citizens, to the creation, performance, enjoyment, and all benefits and privileges of their contractual relationship with Defendants, in violation of 42 U.S.C. §1981.

62. As a result of Defendants' discrimination in violation of Section 1981, as a member of the Middle Eastern/Arabic race, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of their contractual relationship which provided substantial compensation and benefits, thereby entitling them to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling Plaintiff to compensatory damages.

63. As alleged above, Defendants acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

64. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION
FOR DISCRIMINATION UNDER
TITLE VII
(AGAINST DEFENDANT ALBIVI)**

65. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

66. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) [Section 703] provides that it shall be an unlawful employment practice for an employer: "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . ."

67. Defendant ALBIVI engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by subjecting Plaintiff to discrimination on the basis of her sex/gender, race and religion, together with causing a hostile work environment based on the same.

68. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Title VII.

69. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRD CAUSE OF ACTION
FOR RETALIATION UNDER
TITLE VII
(AGAINST DEFENDANT ALBIVI)**

70. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer,

    (1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

72. Defendant ALBIVI engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.*, by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

73. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRD CAUSE OF ACTION
UNDER NEW JERSEY STATE LAW
DISCRIMINATION
(AGAINST ALL DEFENDANTS)**

74. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

75. New Jersey's Law Against Discrimination ("NJLAD") Section 10:5-12(a) sets forth in pertinent part as follows:

    "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: (a) For any employer, because of the race, creed, color, national origin, ancestry, age, marital status, civil union status, domestic partnership status, affectional or sexual orientation, genetic information, sex, gender identity or expression, disability or atypical hereditary cellular or blood trait of any

individual, or because of the liability for service in the Armed Forces of the United States or the nationality of any individual, or because of the refusal to submit to a genetic test or make available the results of a genetic test to an employer, to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

76. Defendants engaged in unlawful discriminatory practices prohibited by NJLAD Section 10:5 *et seq.*, by discriminating against the Plaintiff because of her sex/gender, race and religion, together with causing a hostile work environment based on the same.

77. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the NJLAD Section 10.

78. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A FOURTH CAUSE OF ACTION
### UNDER NEW JERSEY STATE LAW
### RETALIATION
### (AGAINST ALL DEFENDANTS)

79. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

80. New Jersey Law Against Discrimination §10:5-12(d) provides that it shall be an unlawful discriminatory practice:

"For any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has

filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted by this act."

81. Defendants engaged in unlawful discriminatory and retaliatory practices prohibited by NJLAD Section 10:5 *et seq.*, by retaliating and otherwise discriminating against Plaintiff, including, but not limited to, terminating Plaintiff's employment, because of Plaintiff's opposition to Defendants' unlawful employment practices.

82. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A FIFTH CAUSE OF ACTION UNDER NEW JERSEY STATE LAW AIDING AND ABETTING (AGAINST ALL DEFENDANTS)

83. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

84. New Jersey Law Against Discrimination §10:5-12(e) provides that it shall be an unlawful discriminatory practice:

"For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

85. Defendants engaged in an unlawful discriminatory practice prohibited by NJLAD Section 10:5 *et seq.*, by aiding, abetting, inciting, compelling and/or coercing the discriminatory, unlawful, and retaliatory conduct as stated herein.

86. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by Title VII, 42 U.S.C. §1981 and the New Jersey Law Against Discrimination, and that Defendants harassed and discriminated against Plaintiff on the basis of her sex/gender, race and religion, together with creating a hostile work environment, retaliation and wrongful termination;

B. Awarding damages to the Plaintiff, retroactive to her date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful termination of employment and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to their reputation;

D. Awarding Plaintiff punitive damages against all Defendants, jointly and severally;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

|  |  |
|---|---|
|  | Very truly yours, |
|  | DEREK SMITH LAW GROUP, PLLC |
| Dated: September 14, 2017<br>New York, New York | *Attorneys for Plaintiff* |
|  | By: /s/Zack Holzberg<br>Zack Holzberg, Esq.<br>30 Broad Street, 35th Floor<br>New York, New York 10004<br>(212) 587-0760 |